**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROSEMARY HULSE,<br><br>    Plaintiff,<br><br>        v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION NO. 3:06-CV-01080<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Plaintiff Rosemary Hulse's Motion to Remand the present action to the Court of Common Pleas of Pike County, Pa.. (Doc. 4.) For the reasons set forth below, Plaintiff's Motion to Remand will be granted.

## BACKGROUND

On or about February 18, 2005, Plaintiff Rosemary Hulse was involved in a motor vehicle accident as a passenger, which resulted in her sustaining serious bodily injury. (Doc. 1-3 ¶ 3.) At the time of the accident, the vehicle in which Plaintiff was a passenger was insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 1-3 ¶ 4.) The policy under which the vehicle was insured provided for payments up to $100,000 for medical costs and up to $50,000 for lost wages. (Doc. 1-3 p. 12.)

On April 16, 2006, Plaintiff filed her Complaint in the Court of Common Pleas of Pike County. (Doc. 1-3.) Plaintiff's Complaint alleges that Defendant acted in bad faith in

violation of 42 Pa.C.S.A. § 8371,[1] and that Defendant's refusal to pay all allowable expenses constitutes a breach of contract. (Doc. 1-3 p. 9.) Plaintiff seeks punitive damages, court costs, attorney's fees, and medical expenses. (Doc. 1-3 pp. 9-11.) On May 26, 2006, Defendant filed a Notice of Removal to this Court. (Doc. 1-1.) In response, Plaintiff filed a Motion to Remand on June 26, 2006. (Doc. 4.) A Brief in Support was filed on July 10, 2006 (Doc. 5), and Defendant filed a Reply (Doc. 7), and a Brief in Opposition (Doc. 8), on July 21, 2006.

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant in a state court action may remove the case to federal court if the federal court could have originally exercised jurisdiction over the matter. A case removed to federal court shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over the claim. 28 U.S.C. § 1447(c). When, as here, the parties are citizens of different states, this Court has diversity jurisdiction if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The removing party bears the burden of proving that federal subject matter jurisdiction exists. *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004). A motion for remand will be granted if, "from the face of the pleadings, it is

---

[1] The United States Court of Appeals for the Third Circuit has held that this statute has been conflict preempted by the Employee Retirement Income Security Act of 1974, § 502. *Barber v. Unum Life Ins. Co. of Am.*, 383 F.3d 134, 140-44 (2004).

2

apparent to a legal certainty that the plaintiff cannot recover" at least the statutory minimum amount in controversy.  *Id.* at 397 (discussing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *see also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3725 (3d ed. 1998) (the Supreme Court's legal certainty test in *Red Cab Co.* "requires the defendant merely to show that it does *not* appear to a legal certainty that the amount in controversy falls below the applicable jurisdictional amount").  Because § 1441 is strictly construed against removal, *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), all doubts about whether a plaintiff satisfies the amount in controversy requirement must be resolved in favor of remand.  *Samuel-Bassett,* 357 F.3d at 403.

## DISCUSSION

In this case, the burden is on the Defendant to show to a legal certainty that the Plaintiff is claiming an amount greater than the statutory minimum of $75,000.  *See Samuel-Bassett*, 357 F.3d at 397-98.  The United States Court of Appeals for the Third Circuit has held that "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."  *Id.*  The Complaint in this case states damages in terms of categories, rather than requesting a specific amount.  Therefore, "[b]ecause the diversity statute speaks in terms of dollars, [the Court] must translate the categories [P]laintiff cites into monetary sums."  *Id.* at 398-99.

Count II of the Complaint alleges that Defendant  acted in bad faith in violation of 42

Pa.C.S.A. § 8371.[2] (Doc. 1-3 p. 9.) Plaintiff seeks a judgment including punitive damages, court costs, and attorneys' fees. (Doc. 1-3 p. 9.) Furthermore, Plaintiff specifies that the punitive damages should be in an amount "in excess of jurisdictional limits requiring arbitration by Local Rule." (Doc. 1-3 p. 9.) At the time Plaintiff filed the Complaint, that jurisdictional limit was $20,000 in Pike County. Local Rule of Civil Procedure 1301.1.[3]

Count III of the Complaint alleges a breach of contract by Defendant. (Doc. 1-3 p. 9.) Plaintiff asks for a judgment of allowable medical expenses, interest, and counsel fees. (Doc. 1-3 p. 9-10.) No amount is specified, nor has any subsequent document provided a value. Furthermore, the information provided is insufficient for the Court to calculate any particular monetary range.

Given the information presently before the Court, I cannot make a determination that to a legal certainty the amount claimed by Plaintiff exceeds the statutory minimum of $75,000. Defendant attempts to establish that punitive damages would amount to no less than $20,000. However, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003), makes clear that a reward of punitive damages must be reasonable when compared to the actual harm suffered. The Supreme Court held that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 425. As such, and without knowledge of the compensatory damages sought, the Court cannot determine with any accuracy the potential value of a claim for punitive damages, and therefore cannot make a calculation as to total damages Plaintiff

---

[2] See n. 1.

[3] Rule 1301.1 has since been amended to increase the compulsory arbitration limit to $40,000, effective September 19, 2006. L. R. Civ. P. 1301.1.

4

seeks to recover.

Defendant does not provide any measure of what Plaintiff's claimed compensatory damages might be, despite being in a position to have done so, and thus has provided the Court with nothing to support the assertion that the total damages alleged by Plaintiff may exceed $75,000. Such being the case, Defendant has not met the burden imposed on it of showing that it does not appear to a legal certainty that the amount in controversy lies above the applicable jurisdictional amount. *See Samuel-Bassett,* 357 F.3d at 392. Accordingly, the Court will grant Plaintiff's Motion to Remand to the State court.

## CONCLUSION

For the reasons set forth above, the Court shall grant Plaintiff's Motion to Remand. An appropriate Order will follow.


November 7, 2006                              /s/ A. Richard Caputo
Date                                          A. Richard Caputo
                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROSEMARY HULSE,

    Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO. 3:06-CV-01080

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 7th day of November, 2006, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Remand (Doc. 4), is **GRANTED**. The Clerk of Court shall remand this case to the Court of Common Pleas of Pike County, Pennsylvania.

(2)     The Clerk of Court shall mark this case **CLOSED**.

                                                             A. Richard Caputo
                                                             A. Richard Caputo
                                                             United States District Judge